```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HUGO NUNEZ,                                       :
                                                  :
                              Petitioner,         :
                                                  :      02 Civ. 732 (RMB)(HBP)
           -against-                              :
                                                  :      DECISION AND ORDER
CHARLES GREINER, Superintendent of                :
Green Haven Correctional Facility,                :
                                                  :
                              Respondent.         :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/11/07

## I. Background

On or about January 30, 2002, <u>pro se</u> Petitioner Hugo Nunez ("Petitioner" or "Nunez") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") against Charles Greiner, Superintendent of Green Haven Correctional Facility ("Respondent"), challenging his convictions, following a jury trial held from September 14, 1993 to September 28, 1993 before the Honorable William H. Wallace, III, in New York State Supreme Court, Bronx County, for one count of murder in the second degree, N.Y. Penal Law § 125.25, four counts of attempted murder in the second degree, N.Y. Penal Law §§ 110, 125.5, and one count of criminal possession of a weapon in the second degree. N.Y. Penal Law § 265.03. (Trial Tr., dated Sept. 14, 1993, at 821:4–823:4.) Petitioner was sentenced on December 8, 1993 to concurrent prison terms of twenty-five years to life for the murder conviction, twelve and one-half to twenty-five years for each of the attempted murder convictions, and five to fifteen years for the weapon possession conviction. (Tr. of Sentencing Proceedings, dated Dec. 8, 1993, at 11:17–12:5.) Petitioner challenges the convictions, arguing here, among other things, that the trial court proceedings deprived him of "his state and federal constitutional rights to a fair trial

and due process of law" and "his constitutional right to effective assistance of counsel." (Pet. at 5.)

On or about April 25, 2007, Magistrate Judge Henry B. Pitman, to whom the matter had been referred, issued a thorough Report and Recommendation ("Report"), recommending that the Court deny the Petition. (Report at 1.) Judge Pitman addressed each of Petitioner's arguments, concluding, among other things, that Petitioner "has not offered clear and convincing evidence to rebut the Trial Court's determination that no benefit was promised [by the prosecution] in exchange for Cruz's testimony." (Report at 84.) Judge Pitman also determined that this finding "fatally undermines the factual predicate of petitioner's claim" that the prosecution suppressed evidence. (Report at 85.) Judge Pitman also determined that Petitioner is "unable to demonstrate either that his counsel's performance was objectively deficient or that he suffered any prejudice" as a result of the alleged ineffective assistance. (Report at 77.)

On or about May 30, 2007, after being granted an extension of time to file, Petitioner submitted objections to the Report ("Objections"), arguing, among other things, that (1) the prosecution "failed to disclose to the defense that they [sic] provided benefits or favorable treatment to its star witness Nelson Cruz"; (2) Petitioner was "denied his Sixth Amendment right to the effective assistance of counsel at trial"; and (3) "Petitioner is entitled to an evidentiary hearing" because "the record is not clear." (Objections at 2, 24, 31.) Respondent did not object to the Report or respond to the Objections.

**For the reasons stated below, the Report is adopted in its entirety and the Petition is denied.**

## II. Standard of Review

The Court "shall make a de novo determination of those portions of the report . . . to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see Fed R. Civ. P. 72(b); see also Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989). As to portions of a magistrate judge's report to which no objection is made, the Court may adopt all findings that are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 149 (1985).

Where, as here, the petitioner is appearing pro se, the Court construes the petitioner's claims liberally, see Marmolejo v. United States, 196 F.2d 377, 378 (2d Cir. 1999), and "leniency is generally accorded." Bey v. Human Res. Admin., No. 97 Civ. 6616, 1999 WL 31122, at *2 (E.D.N.Y. Jan. 12, 1999).

## III. Analysis

The facts and procedural background as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted de novo review of, among other things, the Petition, the Report, the Objections, the record, and applicable legal authorities, and concludes that the determinations and recommendations of Magistrate Judge Pitman are supported by the record and the law in all respects. See Pizzaro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Petitioner's Objections do not provide a basis for departing from the Report's conclusions and recommendations.[1]

Petitioner argues that "[i]t is crystal clear" that Nelson Cruz's transfer from Great Meadow Correctional Facility to the Bronx House of Detention "was a benefit provided by [the

---

[1] As to any portion of the Report to which no objection is made, the Court concludes that the Report is not clearly erroneous. See Pizzaro, 776 F. Supp. at 817. Any Objection not specifically addressed in this Order has been considered de novo and rejected.

3

prosecution to Mr. Cruz] that should have been disclosed to the Petitioner" and to the jury under Brady v. Maryland, 373 U.S. 83 (1963). (Objections at 5–6.) In denying Petitioner's (first) section 440.10 motion, Justice Bamberger found that "Cruz [did not] receive[] a benefit in return for his testimony against [Nunez.]" (Trial Ct.'s First Section 440.10 Decision, dated Apr. 12, 1995, at 9.) And, Judge Pitman correctly concluded that "Petitioner is unable to establish a violation of Brady . . . because he cannot demonstrate that the prosecution suppressed . . . evidence that would have impeached Cruz." (Report at 85); see also Brady, 373 U.S. at 87.

Nunez also argues that "trial counsel provided ineffective assistance to the petitioner when [counsel] failed to object to the trial court's response to several of the jury notes," and that "'inherent prejudice' should automatically attach." (Objections at 25, 28 (emphasis in original).) In order to prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show both that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); Davis v. Greiner, 428 F.3d 81, 87 (2d Cir. 2005). Judge Pitman, assuming arguendo without deciding that counsel's failure to object was "deficient," correctly concluded that Petitioner suffered no prejudice from counsel's performance because Petitioner "does not claim there is anything he or his attorney would have done differently . . . . [And,] petitioner cannot demonstrate that there is a reasonable possibility that counsel's failure . . . had an effect on the verdict." (Report at 76.) Judge Pitman's conclusion that Petitioner was not prejudiced by his attorney's failure to object was based on "overwhelming evidence of petitioner's guilt adduced at trial." (Report at 59.) Judge Pitman noted that Petitioner was "apprehended by police leaving the vicinity of the shooting with [an accomplice], who was positively identified by three eye witnesses" and that "Petitioner was

4

unequivocally identified by two eye witnesses . . . shortly after the shooting and again at trial." (Report at 59.)

Petitioner also argues that he is "entitled to an evidentiary hearing based upon several references within the report indicating that the record is not clear." (Objections at 31.) Even assuming arguendo that Petitioner had requested an evidentiary hearing in his Petition, a petitioner "is entitled to an evidentiary hearing only if the 'facts would entitle [him] to relief and the state courts . . . denied him a full and fair hearing to explore those facts.'" Gardine v. McGinnis, No. 04 Civ. 1819, 2006 WL 3775963, at *7 (S.D.N.Y. Dec. 20, 2006) (quoting United States ex rel. Hampton v. Leibach, 347 F.3d 219, 244, n.12 (7th Cir. 2003)); see also 28 U.S.C. § 2254(e)(2). Petitioner fails to meet this standard. The trial and appellate courts and Magistrate Judge Pitman fully explored and appropriately rejected the claims Petitioner raises in his Objections. See Gardine, 2006 WL 3775963, at *7.

## IV.   Certificate of Appealability

Because Petitioner has not made a "substantial showing of the denial of a constitutional right," the Court will not grant a certificate of appealability. 28 U.S.C. § 2253(c)(2); see Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000); (see also Report at 88.)

## V.   Conclusion and Order

For the foregoing reasons, the Court adopts the Report in its entirety. The Petition is denied and the Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
       July 11, 2007

RICHARD M. BERMAN, U.S.D.J.

5